**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Lesa M. HARRIOTT, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 15, 2006.

Filed Feb. 8, 2007.

Reargument Denied April 18, 2007.

Sean P. McGraw, Bellefonte, for appellant.

Nathan Boob, Asst. Dist. Atty., for Com., appellee.

BEFORE: TODD, BENDER and COLVILLE *, JJ.

* Retired Senior Judge assigned to the Superior Court.

OPINION BY COLVILLE, J.:

¶ 1 This case is a direct appeal from judgment of sentence. The issues are: (1) whether the trial court should have granted Appellant's request for a jury trial on all counts because her potential aggregate sentence exceeded six months' incarceration; and (2) whether the sentencing court erred by directing Appellant to pay restitution for the costs of precautionary blood tests performed on the arresting officers after Appellant spit on them. We affirm the judgment.

¶ 2 The Commonwealth charged Appellant with driving under the influence (DUI), aggravated assault, simple assault, resisting arrest, disorderly conduct, harassment, and flashing signals. The maximum potential terms of incarceration which she faced were: (1) DUI—six months, 75 Pa.C.S.A. §§ 3802(a)(1), 3803(a)(1); (2) Aggravated Assault—ten years, 18 Pa.C.S.A. §§ 1103(2), 2702(a)(3), (b); (3) Simple Assault—two years, 18 Pa. C.S.A. §§ 1104(2), 2701(a)(1), (b); (4) Resisting Arrest—two years, 18 Pa.C.S.A. §§ 1104(2), 5104; (5) Disorderly Conduct—ninety days, 18 Pa.C.S.A. §§ 1105, 5503(a)(1), (2), (3), (b); and (6) Harassment—ninety days, 18 Pa.C.S.A. §§ 1105, 2709(a)(1), (c)(1). The flashing signals offense did not carry incarceration as a possible penalty. 75 Pa.C.S.A. §§ 3114(a)(1), 6502(a).

¶ 3 Pretrial, Appellant moved for a jury trial on all counts. She maintained that, while the DUI and summary charges did not individually carry possible imprisonment for more than six months, the possible aggregate incarceration was fifteen years. Appellant argued that this potential entitled her to a jury trial on all charges. The court denied the motion. Thereafter, Appellant proceeded to a trial

wherein a jury heard the charges of aggravated assault, simple assault and resisting arrest, and the court heard the DUI and summary counts.

¶ 4 A jury convicted Appellant of resisting arrest, and the court convicted her of DUI, disorderly conduct, harassment, and flashing signals. Along with fines and costs at various counts, the court imposed intermediate punishment ("IP") for DUI and probation for resisting arrest. As part of Appellant's DUI penalty, she was ordered to make restitution to Inservco Insurance Services, Inc. Inservco is the insurance company that paid for the blood tests performed on the arresting officers.

¶ 5 Appellant first argues that the trial court erred by denying her request for a jury. She is wrong. The right to a jury trial exists when a defendant faces a charge which, alone, could lead to imprisonment beyond six months. *Commonwealth v. Kerry*, 906 A.2d 1237, 1239, 1240 (Pa.Super.2006). By contrast, there is no jury trial right if an offense bears a maximum incarceration of six months or less. *Id.* Similarly, where a defendant is tried for multiple offenses which do not individually allow for imprisonment exceeding six months, there is no jury trial right on those particular offenses, even if multiple convictions could yield an aggregate incarceration above six months. *Id.*

¶ 6 The trial court properly granted Appellant a jury trial on the assault and resisting arrest counts. Because the charges of DUI, disorderly conduct, harassment, and flashing signals did not individually entitle Appellant to a jury, the trial court correctly denied her jury request with respect to those charges. Accordingly, Appellant's first issue lacks merit.

¶ 7 In Appellant's second issue, she essentially argues that the sentencing court had no statutory authority to order restitution under the facts of this case. She first notes that 18 Pa.C.S.A. § 1106 authorizes restitution only when an injury results directly from a crime. Appellant then claims that the trial court admitted the evidence of spitting for the limited purpose of showing intent on the assault charges. Having been acquitted of assault, appellant contends that she was not convicted of any crime connected to her act of spitting. Therefore, even if the police did suffer some injury from the spitting, it did not result from the crimes for which she was convicted. Additionally, Appellant maintains that there was no injury to the police.

¶ 8 Appellant's claim is an attack on the legality of her sentence. *In the Interest of M.W.*, 555 Pa. 505, 725 A.2d 729, 731 (1999) (holding that a challenge to a court's statutory authority to impose restitution is an attack on the legality of the sentence); *Commonwealth v. Walker*, 446 Pa.Super. 43, 666 A.2d 301, 308 (1995) (holding that the appellant raised an illegal sentence claim where he argued that 18 Pa.C.S.A. § 1106(a) did not apply, and that restitution was unauthorized, because there was no causal link between his criminal conviction and the victims' injuries). To address Appellant's issue, we therefore need to consider several statutes granting authority to order restitution.

¶ 9 In the Crimes Code, 18 Pa.C.S.A. § 1106(a) provides the following:

§ 1106. Restitution for injuries to person or property

(a)General rule.—Upon conviction for any crime wherein ... the victim suffered personal injury **directly resulting** from the crime, the offender shall be sentenced to make restitution ...

18 Pa.C.S.A. § 1106(a) (emphasis added).

¶ 10 Case law speaks of restitution imposed under § 1106(a) as being a direct

sentence, rather than just a condition of probation or intermediate punishment. *In re M.W.,* 725 A.2d at 732; *Commonwealth v. Deshong,* 850 A.2d 712, 715, 716 (Pa.Super.2004). Additionally, because of the statutory language "directly resulting from the crime," restitution is proper only if there is a direct causal connection between the crime and the loss. *In re M.W.,* 725 A.2d at 732 (holding that restitution imposed as a direct sentence under 18 Pa.C.S.A. § 1106(a) must result directly from the crime); *Commonwealth v. Popow,* 844 A.2d 13, 19 (Pa.Super.2004) (holding restitution for medical bills was improper under § 1106(a) due to lack of direct causation where appellant was acquitted of cutting victim and only convicted of threatening him); *Walker,* 666 A.2d at 303, 310 (holding restitution for medical bills was proper under § 1106(a) because appellant's drunk driving caused a two-car accident which directly injured the occupants of the other vehicle); *Commonwealth v. Fuqua,* 267 Pa.Super. 504, 407 A.2d 24, 25, 28 (1979) (holding restitution for injury to property was proper under § 1106(a) because appellant's drunk driving caused him to collide with victim's house, thereby damaging it).

¶ 11 While the Crimes Codes provides for restitution as a direct sentence, portions of the Sentencing Code allow it as a condition of probation or intermediate punishment. 42 Pa.C.S.A. § 9754(c)(8) (authorizing restitution as a condition of probation); 42 Pa.C.S.A. § 9763(b)(10) (authorizing restitution as a condition attached to intermediate punishment); 204 Pa.Code § 303.14(c)(2) (restitution may be imposed as a direct sentence or as a condition of probation or intermediate punishment)

¶ 12 42 Pa.C.S.A. § 9754(c)(8) reads as follows:

§ 9754. Order of Probation

(c) Specific conditions.—The court may as a condition of its order require the defendant:

\*    \*    \*    \*    \*    \*

(8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.

42 Pa.C.S.A. § 9754(c)(8).

¶ 13 Although this statute includes the word "caused," it does not contain the language "directly resulting from the crime" as does 18 Pa.C.S.A. § 1106(a). Case law has made clear that there is a significance to this difference in language. Specifically, when restitution is a condition of probation under 42 Pa.C.S.A. § 9754(c)(8), rather than a direct sentence under the Crimes Code, there need not be a direct nexus between offense and loss. *Popow,* 844 A.2d at 19. While restitution cannot be indiscriminate, an indirect connection between the criminal activity and the loss is sufficient. *Commonwealth v. Kelly,* 836 A.2d 931, 934 (Pa.Super.2003).

¶ 14 This more liberal standard for ordering restitution is consistent with the rehabilitative purposes of probation. *Id.* Thus, even without direct causation, a court may properly impose restitution as a probationary condition if the court is satisfied that the restitution is designed to rehabilitate the defendant and to make some measure of reimbursement to the victim. *Popow,* 844 A.2d at 19. Such sentences afford courts latitude to order restitution so that offenders will understand the egregiousness of their conduct, be deterred from re-offending, and be encouraged to live responsibly. *In re M.W.,* 725 A.2d at 732. They also give sentencing courts flexibility to determine all direct and indirect damages caused by an offender. *Id.*

¶ 15 42 Pa.C.S.A. § 9763(b)(10) also authorizes restitution. It reads:

§ 9763. Sentence of county intermediate punishment.

\*    \*    \*    \*    \*    \*

(b) Conditions generally.—The court may attach any of the following conditions upon the defendant as it deems necessary.

\*    \*    \*    \*    \*    \*

(10) To make restitution of the fruits of the crime or to make reparations, in an affordable amount, for the loss or damage caused by the crime.

42 Pa.C.S.A. § 9763(b)(10).

¶ 16 Quite evidently, the language in § 9763(b)(10) closely resembles the verbiage in § 9754(c)(8). Both sections reference loss or damage "caused" by the crime but they do not dictate that the restitution be a direct result of the offense.

¶ 17 We note also that, while our case law in the area of restitution speaks clearly about the rehabilitative goals of probation, the intermediate punishment statutes were enacted for similar purposes. For example, one of the reasons that the Legislature authorized intermediate punishment was to make offenders more accountable to the community. *Commonwealth v. Philipp*, 709 A.2d 920, 921 (Pa.Super.1998). This purpose of IP sounds very much like our earlier observation that probation, with restitution, is an appropriate way to encourage offenders to live responsibly. *See In re M. W.*, 725 A.2d at 732.

¶ 18 IP also gives sentencing judges an additional option which lies, in terms of severity, between incarceration and probation. *Philipp*, 709 A.2d at 921. It permits a type of punishment or treatment for certain non-violent offenders. *Id.* Its goals reflect an intent to give judges lati-

tude and flexibility when considering the appropriate sentence for an offender. We have already noted that such latitude and flexibility are goals of 42 Pa.C.S.A. § 9754(c)(8) which authorizes restitution as a probationary condition. *In re M. W.*, 725 A.2d at 732.

¶ 19 Because the statute authorizing restitution as a condition of intermediate punishment resembles the statute permitting restitution as a condition of probation, and because the purposes of intermediate punishment and probation bear similarities, we find that the legal standard for attaching restitution as a condition of IP should be the same as the standard for restitution which is imposed as a probationary condition. In short, we hold that, to impose restitution as a condition of IP pursuant to 42 Pa.C.S.A. § 9763(b)(10), there need not be a direct nexus between conduct and loss. Rather, an indirect connection between an offender's activity and the victim's damage will justify the restitution order. A sentencing court must have the latitude to include such restitution as a condition of IP if restitution serves the various purposes of IP.

¶ 20 With the foregoing principles in mind, we turn to the sentence in this case. In its opinion, the sentencing court stated that Appellant's act of spitting was part of the crime of resisting arrest, and that there was a direct causal connection between that crime and the loss to the officers. The opinion pointed out that restitution was proper under 18 Pa.C.S.A. § 1106 where a direct causal connection exists. Appellant, as we have already mentioned, insists that the spitting was not part of the resisting arrest conviction.

¶ 21 It is apparent to us that we need not determine whether the spitting was part of the resisting arrest. We reach this conclusion because, despite what the trial

court said in its opinion, the court did not sentence Appellant, on the resisting arrest charge, to pay restitution for the blood tests. Indeed, the sentencing order for resisting arrest did not impose restitution, either as a direct sentence pursuant to 18 Pa.C.S.A. § 1106(a), or as a condition of probation under 42 Pa.C.S.A. § 9754(c)(8). Rather, the restitution was imposed for the DUI conviction.

¶ 22 The DUI sentencing order reads, in pertinent part:

AND NOW, December 15, 2005, the sentence of this Court is that you, LESA M. HARRIOTT:

\* \* \* \* \* \*

3. That if you have not already done so, make restitution in the amount of $484.72 to Inservco Insurance Servies, Inc.

Order of Court, 12/15/05.

¶ 23 It thus appears that the reasons given by the trial court for imposing the sentence do not support its order. Nonetheless, we are permitted to affirm a sentence if there any grounds for doing so, even where those grounds were not suggested to or known by the sentencing court. *Commonwealth v. Colon*, 708 A.2d 1279, 1282, n. 1 (Pa.Super.1998); *Commonwealth v. Harner*, 533 Pa. 14, 617 A.2d 702, 706, 707 (1992) (holding that a finding that restitution is improper under 18 Pa.C.S.A. § 1106(a) does not render the sentence a nullity; the sentence may be supportable as a condition of probation). We will therefore determine whether we should affirm the sentence based on authority other than that stated by the sentencing court.

¶ 24 First, we consider whether 18 Pa.C.S.A. § 1106(a) provides authority for restitution as part of the DUI offense. While driving, Appellant did not wreck into another vehicle, collide with property, strike a pedestrian or injure anyone. In fact, the restitution had nothing to do with any such matters. Appellant's drunk driving did not directly cause the officers to require precautionary blood testing. Therefore, the direct nexus required by § 1106(a) is lacking, and the statute does not authorize, as part of the DUI sentence, restitution for the blood tests in this case.

¶ 25 Second, Appellant was not placed on probation for DUI. Therefore, we cannot affirm the restitution as a condition of probation under 42 Pa.C.S.A. § 9754(c)(8).

¶ 26 Appellant was, however, ordered to serve intermediate punishment as part of the DUI sentence. While the act of spitting was plainly not the same as drunk driving, it certainly was a part of Appellant's overall conduct which stemmed from her DUI. We believe that there is an undeniable, albeit indirect, link connecting Appellant's drunk driving, her presence at the hospital for DUI blood alcohol testing, her act of spitting on officers who arrested her for DUI, and their need for precautionary blood testing. Restitution will serve the purposes of helping to teach Appellant the egregiousness of her conduct, to deter her from re-offending, and to encourage her to live responsibly. The restitution also will provide reimbursement to the insurance company. The insurance company is properly considered to be a victim for restitution purposes. *Colon*, 708 A.2d at 1281 (finding that restitution to insurer was a proper condition of intermediate punishment imposed for DUI conviction). Based on the foregoing analysis, we find that the restitution is supportable as a condition of IP.

¶ 27 Lastly, Appellant's claim that the officers suffered no loss is frivolous. The officers needed to have precautionary HIV and hepatitis tests because Appellant spit on them while they were at the hospital for her blood alcohol testing. Some of her

spit landed in or near the eye and/or mouth of at least one of the officers.

¶ 28 For the foregoing reasons, Appellant's claims fail and we affirm the judgment of sentence.

¶ 29 Judgment of sentence affirmed.