J-A29031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY RICHARD SPENCE, | : | |
| | : | |
| Appellant | : | No. 1899 WDA 2014 |

Appeal from the Judgment of Sentence entered on November 10, 2014
in the Court of Common Pleas of Venango County,
Criminal Division, No. CP-61-CR-0000166-2011

BEFORE:  FORD ELLIOTT, P.J.E., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 14, 2015**

Gregory Richard Spence ("Spence") appeals from the judgment of sentence imposed following his conviction of driving under the influence of alcohol – highest rate of alcohol ("DUI – highest rate"), DUI – general impairment, and careless driving.[1]  We affirm.

The facts underlying Spence's arrest are not relevant to this appeal. Following his arrest in October 2010, the Commonwealth charged Spence with the above-mentioned offenses.  In June 2011, Spence filed a pretrial Motion, arguing, *inter alia*, that because he was charged with the "serious offense" of DUI – highest rate, he should be entitled to a jury trial.

---

[1] 75 Pa.C.S.A. §§ 3802(c), 3802(a)(1), 3714(a).

The trial court denied Spence's Motion.[2]

In October 2014, the matter proceeded to a non-jury trial, at the close of which the trial court convicted Spence of all counts. On November 10, 2014, the trial court imposed a sentence, on the conviction of DUI – highest rate, of 72 hours to 6 months in county jail.[3] Spence's conviction of DUI – general impairment merged for sentencing purposes with the conviction of DUI – highest rate. On the careless driving conviction, the court imposed a $25 fine.

Spence filed a timely Notice of Appeal. The trial court ordered Spence to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Spence timely complied. The trial court then issued a Pa.R.A.P.

---

[2] Following the denial of his pretrial Motion, Spence instituted a *habeas corpus* action in federal court, raising a claim similar to the one he presents in the instant appeal. ***See Spence v. Venango County Court of Common Pleas***, 2014 U.S. Dist. LEXIS 90480 (W.D. Pa. 2014); ***see also id.*** at \*\*4-5 (stating that "Spence seeks an order from this Court declaring that he is being held in custody in violation of the Sixth and Fourteenth Amendments; that he is charged at Count One[, *i.e.*, DUI – highest rate,] with a serious criminal offense to which the right to a jury trial attaches; and, that the Court of Common Pleas must either grant him a trial by jury on Count One or release him from custody on that count."). The federal court dismissed Spence's action, determining that (1) it was premature, since Spence had not yet been convicted of any charges; and (2) Spence did not exhaust his remedies with respect to his claim in state court. ***See id.*** at \*\*8-10, 13.

[3] Importantly, the trial court sentenced Spence pursuant to 75 Pa.C.S.A. § 3803 (governing the grading of DUI offenses), which provides, in relevant part, as follows: "An individual who violates section … 3802(c) [DUI – highest rate,] and who has no prior offenses[,] commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of **not more than six months** and to pay a fine under section 3804." ***Id.*** § 3803(b)(2) (emphasis added).

1925(a) Opinion, which relied upon the court's prior Opinion concerning Spence's pretrial Motion.

On appeal, Spence presents the following issue for our review: "Do the United States and Pennsylvania Constitutions guarantee a defendant the right to trial by jury when accused of the 'serious offense' of violating 75 Pa.C.S.A. § 3802(c) – driving under the influence of alcohol – highest rate of alcohol?" Brief for Appellant at 2 (capitalization omitted).

Because Spence's issue raises a pure question of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Raban***, 85 A.3d 467, 468 (Pa. 2014).

Spence argues that the trial court violated his constitutional rights by denying his request for a jury trial on the charge of DUI – highest rate, in spite of "plain, clear and unambiguous" language in the United States and Pennsylvania Constitutions, providing that, "[i]n all criminal prosecutions[,]" an accused is entitled to a trial by jury. ***See*** Brief for Appellant at 5-6 (quoting U.S. CONST. AMEND. 6 (providing that "[*i*]*n all criminal prosecutions*, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed ….") (emphasis added), and Pa. Const., Art. I § 9 (providing that "[*i*]*n all criminal prosecutions* the accused hath a right to be heard by himself and his counsel, … and, in prosecutions by indictment or information, a speedy public trial by an impartial jury ….") (emphasis added)). Spence acknowledges that there is prior, well-settled case law holding that the right

to a jury trial applies only when a criminal defendant faces a sentence of imprisonment *greater* than six months. Brief for Appellant at 6 (citing, *inter alia*, **Commonwealth v. Mayberry**, 327 A.2d 86, 89 (Pa. 1974) (stating that the United States and Pennsylvania Constitutions "require[] that one accused of a 'serious offense' be given a jury trial[,]" and "[t]he decisions of the Supreme Court of the United States have established a fixed dividing line between petty and serious offenses: those crimes carrying more than six months sentence are serious and those carrying less are petty crimes.") (citations and internal quotation marks omitted)). According to Spence, however, all of these prior decisions ignored the plain Constitutional language (*i.e.*, concerning "in all criminal prosecutions"), and improperly "invented an artificial distinction between a 'petty offense' and a 'serious offense.'" Brief for Appellant at 6; *see also id.* at 11 (asserting that "[t]he history of the right to trial by jury is complex and not easily decided with arbitrary bright line rules."). Spence avers that, nevertheless, DUI – highest rate is a serious offense, rather than a petty offense, in light of several criminal and administrative sanctions that accompany a conviction of this offense. *See* Brief for Appellant at 8, *see also id.* at 9-10 (citing to 75 Pa.C.S.A. § 3802(c)(1), and listing the sanctions, which include, *inter alia*, a mandatory minimum sentence of 72 hours in jail, fines, license suspension, and terms of supervision).

This Court, in **Commonwealth v. Kerry**, 906 A.2d 1237 (Pa. Super. 2006), addressed the matter of the right to a jury trial, in the context of a

charge of DUI – general impairment, clarifying as follows regarding the

classification of a crime as "petty" or "serious":

> "The test is clear.  The decisions of the Supreme Court of the United States 'have established a fixed dividing line between petty and serious offenses: those crimes carrying a sentence of more than six months are serious crimes and those carrying a sentence of six months or less are petty crimes.'"  [] **Mayberry**, … 327 A.2d [at] 89 [] (quoting **Codispoti v. Pennsylvania**, 418 U.S. 506, 512, 94 S. Ct. 2687, 41 L. Ed. 2d 912 (1974)).  It is well-settled that a legislature's determination that an offense carries a maximum prison term of six months or less indicates its view that an offense is "petty."  **Blanton v. North Las Vegas**, 489 U.S. 538, 543, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989).  As further explained in **Blanton**,

>> [i]t has long been settled that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.  In determining whether a particular offense should be categorized as petty, our early decisions focused on the nature of the offense and on whether it was triable by a jury at common law.  In recent years, however, we have sought more objective indications of the seriousness with which society regards the offense.  [W]e have found the most relevant such criteria in the severity of the maximum authorized penalty.  In fixing the maximum penalty for a crime, a legislature include[s] within the definition of the crime itself a judgment about the seriousness of the offense.  The judiciary should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task, and [is] likewise more responsive to changes in attitude and more amenable to the recognition and correction of their misperceptions in this respect.

> **Id.** at 541-542, 109 S. Ct. 1289 (internal quotation marks and citations omitted).

> As set forth above, we determine whether an offense is serious by looking to the judgment of the legislature, primarily as expressed in the maximum authorized term of imprisonment. Here, by setting the maximum authorized prison term at six

months, the Legislature categorized the violation of [section] 3802(a)(1) as petty for purposes of a defendant's jury trial rights. … Moreover, applying these principles in **Blanton**, the United States Supreme Court found that first-time DUI offenders, where the maximum authorized prison sentence does not exceed six months, are not entitled to a jury trial.

**Commonwealth v. Kerry**, 906 A.2d 1237, 1239-40 (Pa. Super. 2006)

(footnotes and brackets omitted); **see also Commonwealth v. Harriott**,

919 A.2d 234, 237 (Pa. Super. 2007) (applying **Kerry**).[4]

In the instant case, the trial court determined that **Kerry** is

controlling, opining as follows:

[Spence was convicted] under [section] 3802(c) [DUI – highest rate] at Court I; however, similar to [section] 3802(a)(1)[, addressed in **Kerry**], the maximum penalty for a violation of this provision is set forth at 75 Pa.C.S.A. § 3803(b)(2), which provides:

An individual who violates section 3802(a)(1)[,] where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has no prior offenses[,] commits a misdemeanor for which the individual may be sentenced to *a term of imprisonment of not more than six months*[,] and to pay a fine under section 3804.

[**Id.** (emphasis added by trial court)].

Thus, having set the maximum term of imprisonment at six months, the legislature has clearly made the determination that a violation of [section] 3802([c]) falls into the category of "petty" offenses, for which no right to a jury trial exists. Moreover, *the existence of fines and administrative penalties beyond the jail term itself does not change our analysis*. The

---

[4] Spence concedes in a footnote that "[he] is aware that [] a change in decisional law[, *i.e.*, to provide an accused charged with DUI – highest rate with the right to a jury trial,] will have to come from either the United States Supreme Court or the Pennsylvania Supreme Court." Brief for Appellant at 7 n.3.

> Superior [C]ourt has made clear in **Kerry** that the six[-]month maximum jail term is a bright line beneath which no right to a jury trial exists. [Spence] offers not a single Pennsylvania authority which suggests a different conclusion, and [Spence's] counsel's personal conclusions as to the merit of the Superior Court's reasoning are no substitute for binding precedent.

Trial Court Opinion, 8/9/11, at 5 (emphasis added). The trial court's analysis is sound and supported by the law, and we must conclude that it properly denied Spence's request for a jury trial. **See Kerry, supra**; **see also Blanton**, 489 U.S. at 543-45 (holding that first-time DUI offenders, where the maximum authorized prison sentence does not exceed six months, are not entitled to a jury trial, and stating that "[v]iewed together, the statutory penalties are not so severe that DUI must be deemed a 'serious' offense for purposes of the Sixth Amendment."). In light of **Kerry, supra**, we are constrained to affirm the trial court. **See Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006) (noting that a panel of this Court cannot overrule a prior decision of this Court).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015