J-S79035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STACY L. SALTZER, | : | |
| | : | |
| Appellant | : | No. 96 EDA 2016 |

Appeal from the Judgment of Sentence November 30, 2015
in the Court of Common Pleas of Montgomery County,
Criminal Division, No(s):  CP-46-CR-0004765-2014

BEFORE:  GANTMAN, P.J., MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 23, 2016**

Stacy L. Saltzer ("Saltzer") appeals from the judgment of sentence imposed following her entry of an open guilty plea to one count each of driving under the influence of a controlled substance ("DUI"), accidents involving damage to unattended vehicle, disregarding a lane of traffic, and operating a vehicle without financial responsibility.[1]  We affirm.

The trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal.  ***See*** Trial Court Opinion, 3/1/16, at 1-3.

On appeal, Saltzer raises the following question for our review:

Did the [trial] court err in ordering [Saltzer] to pay restitution to PECO [Energy Company ("PECO")] in the amount of $19,463.70 for allegedly damaging a PECO utility pole, where no affiant claimed[,] through competent testimony or report[,] that any contact occurred between [Saltzer's] car and the pole[,] and

---

[1] 75 Pa.C.S.A. §§ 3802(d)(2), 3745(a), 3309(1), 1786(f).

> [Saltzer] was never charged [with,] nor [pled] guilty to[,] striking the pole[?]

Brief for Appellant at 9 (unnumbered).

Saltzer argues that the trial court erred by ordering Saltzer to pay restitution for the damaged PECO utility pole. *Id.* at 12. Saltzer cites to this Court's decision in *Commonwealth v. Harriott*, 919 A.2d 234 (Pa. Super. 2007), and asserts that, to impose an order of restitution, there must be a specific nexus between the crime committed and the amount of restitution ordered. Brief for Appellant at 12. Saltzer argues that such a nexus was not present in this case, because she was never charged with damaging the utility pole. *Id.* at 13.[2]

"When a court's authority to impose restitution is challenged, it concerns the legality of the sentence; however, when the challenge is based on excessiveness, it concerns the discretionary aspects of the sentence." *Commonwealth v. Oree*, 911 A.2d 169, 173 (Pa. Super. 2006). Here, Saltzer asserts that the restitution for the PECO utility pole is illegal because

---

[2] Additionally, Saltzer claims that the PECO utility pole was never mentioned at her guilty plea hearing. Brief for Appellant at 13. Saltzer further contends that the trial court's determination was based merely on speculative, circumstantial evidence that had not been presented at the guilty plea hearing. *Id.* at 14. However, we note that the prosecutor referred to PECO's restitution claim during both the guilty plea hearing and the sentencing and restitution hearing. *See* N.T., 7/8/15, at 3; *see also* N.T., 11/30/15, at 3. After the guilty plea hearing, the trial court postponed sentencing to consider restitution. *See* N.T., 7/8/15, at 4-5, 21. Additionally, after the sentencing and restitution hearing, the trial court left open the issue of restitution as to the PECO utility pole, and subsequently conducted a hearing to determine whether Saltzer should be held responsible for the damage. *See* N.T., 11/30/15, at 16.

there was an insufficient nexus between her actions and the damage. Therefore, Saltzer's claim challenges the legality of her sentence. *See Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010) (stating that "a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing."). "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. Super. 2014) (citations, brackets and ellipses omitted); *see also Commonwealth v. Stradley*, 50 A.3d 769, 772 (Pa. Super. 2012) (stating that because "[the appellant's] claim on appeal challenges the legality of his sentence, its review is not abrogated by the entry of his guilty plea.").

Saltzer characterizes the restitution as a direct sentence imposed under Section 1106(a) of the Crimes Code. However, the trial court ordered Saltzer to pay restitution as a condition of her DUI sentence. Accordingly, the restitution is a condition of intermediate punishment imposed under 42 Pa.C.S.A. § 9763, which provides, in relevant part, as follows:

> **42 Pa.C.S.A. § 9763. Sentence of county intermediate punishment.**
>
> * * *
>
> **(b) Conditions generally.**—The court may attach any of the following conditions upon the defendant as it deems necessary:
>
> * * *

> (10) To make restitution of the fruits of the crime or to make reparations, in an affordable amount, for the loss or damage caused by the crime.

42 Pa.C.S.A. § 9763(b)(10).

In **Harriott**, this Court held that,

> to impose restitution as a condition of [intermediate punishment] pursuant to 42 Pa.C.S.A. § 9763(b)(10), there need not be a direct nexus between the conduct and the loss. Rather, an indirect connection between an offender's activity and the victim's damage will justify the restitution order. A sentencing court must have the latitude to include such restitution as a condition of [intermediate punishment] if restitution serves the various purposes of [intermediate punishment].

**Harriott**, 919 A.2d at 239; **see also Commonwealth v. Pleger**, 934 A.2d 715, 720 (stating that "[w]hether imposed as a direct sentence or as a condition thereof …, the primary purpose of restitution is the rehabilitation of the offender.").

In its Opinion, the trial court set forth the relevant evidence underlying Saltzer's DUI conviction, as well as the evidence establishing a nexus between Saltzer's actions and the damage to the PECO utility pole. **See** Trial Court Opinion, 3/1/16, at 4-7. The trial court determined that "the damages to the utility pole stem from [Saltzer's] overall conduct that night[,] which resulted in the charge of DUI, to which she has pled guilty." **Id.** at 7; **see also Harriott**, 919 A.2d at 240 (finding that, for the purpose of ordering restitution as part of an intermediate punishment for DUI, the act of spitting on police officers was part of appellant's overall conduct). Upon review, we agree that the record supports the relaxed nexus applicable when

- 4 -

restitution is imposed as a condition of intermediate punishment, and we adopt the trial court's analysis, as set forth in its Opinion, for the purpose of this appeal. *See* Trial Court Opinion, 3/1/16, at 4-7. Accordingly, Saltzer is not entitled to relief on her claim.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

| COMMONWEALTH OF PENNSYLVANIA | : | |
|---|---|---|
| | : | 4765-2014 |
| v. | : | |
| | : | 2018 EDA 2015 |
| STACY SALTZER | : | |

**OPINION**

## INTRODUCTION

Appellant, Stacy Saltzer, ("Appellant") appeals to the Superior Court of Pennsylvania from this Court's Disposition imposed on November 30, 2015, as a result of an open guilty plea entered on July 8, 2015. A restitution hearing was held thereafter on December 10, 2015.

## FACTS AND PROCEDURAL HISTORY

On April 10, 2014 at approximately 8:56 p.m., Officer Andrew Liewinko of the Pottstown Borough Police Department responded to the area of Beech Street and Penn Street for the report of a vehicle accident. Upon his arrival, he observed one vehicle crashed into two parked vehicles.

Officer Liewinko spoke with witnesses at the scene who saw the defendant's vehicle, traveling east on Beech Street, swerve into the East bound lanes and back into the west bound lanes with the rear bumper dragging behind the defendant's vehicle. The defendant's vehicle was observed drifting into the West bound lane before striking the two parked vehicles. Thereafter, witnesses observed the defendant trying to restart her car and when it would not start she tried unsuccessfully to exit her car. Officer Liewinko observed this behavior, noting that the defendant appeared disoriented and did not know what was going on. She kept stating that "he stole my kids". She would only repeat herself when asked to whom she was referring.

1

Defendant was transported to Reading Hospital. Officer Liewinko read her the DL-26 form and the defendant submitted to a blood test for suspicion of DUI. The defendant's blood was drawn at 10:30 p.m. by an Emergency Room nurse and was sent to NMS labs for testing.

Officer Liewinko received the lab results on April 25, 2014, which showed that the defendant had 55 ng/ml of Lorazepam, 48 ng/ml of Clonazepam and 16 ng/ml of 7 Amino-Clonazepam in her system, all of which are schedule IV controlled substances.

Based upon the foregoing, Officer Liewinko issued a summons, sent by mail, to the defendant, Stacy Saltzer.

On May 8, 2014, Appellant was charged with one count of driving under the influence of a controlled substance, one count of accidents involving damage to unattended vehicle, one count of disregarding a lane of traffic and one count of operating a vehicle without financial responsibility.

On July 8, 2015, the defendant entered a knowing, intelligent and voluntary open guilty plea on the record to all four counts. N.T., Open Guilty Plea, 7/8/15, pp. 6- 20. A restitution hearing was requested and sentencing was deferred.

On November 30, 2015, the Defendant, Stacy Saltzer was sentenced on Count one, Driving Under the Influence of a Controlled Substance, to ten days of incarceration, to be served in the Montgomery County Correctional Facility; fifty-nine months and twenty days of Intermediate Punishment, with the first ninety days to be served under house arrest; and to pay costs of prosecution and a fine of $1,500.00. With regard to Counts 2, 3, and 4, the defendant was sentenced to pay court costs. In addition, the defendant's sentence was subject to special conditions, including the payment of restitution in the amount of $8,866.98, the total cost of

2

damages to the two automobiles the defendant collided with. N.T., Sentencing Hearing, 11/30/15, p. 14-17. The Commonwealth requested that restitution remain open for an additional 30 days so that the parties have adequate time to prepare and address the restitution claim of PECO for damage to a telephone pole in close proximity to where the defendant hit the two parked vehicles. N.T., Sentencing Hearing, 11/30/15, p. 16.

A restitution hearing was held on December 10, 2015 regarding PECO's claim for damages to a telephone pole. After hearing testimony from Officer Licwinko, Kimberly Yocum, a representative of PECO, and the Defendant, this Court granted restitution in the sum of $19,463.70 for the cost of repairs to the PECO pole. NT, Restitution Hearing, 12/10/15, p. 27.

On December 29, 2015, Appellant filed a Notice of Appeal. This Court ordered Appellant to file and serve a Concise Statement within 21 days of January 7, 2016.

On January 19, 2016, a Concise Statement was filed in the Clerk of Courts and served upon the Commonwealth.

## ISSUES

By way of Concise Statement, Appellant raises three issues on appeal. The issues are reproduced below verbatim, with citations to the record omitted:

1. Appellant plead guilty to Count 1, DUI of a controlled substance, second offense, M-1; Count 2, Damage to attended vehicles, Summary offense; Count [3], Disregard Traffic Lane, Summary Offense; Count 4, Operating without a license, Summary Offense. However, at the last minute the Commonwealth tried to saddle appellant with the cost of damage to a telephone pole which she did not hit. The Commonwealth was given ninety days to prove Appellant was responsible for the damage to the telephone pole.

3

2. With regard to the factual basis, the Commonwealth indicated the following: you understand by pleading guilty you're admitting that on April 10, 2014, you were driving a motor vehicle in Pottstown, Montgomery County, and you did so while you had levels of Lorazepam and Clonazazepam, which are scheduled IV drugs, in your system exceeding prescription levels, and that rendered you impaired to drive?

3. Appellant never pled guilty to hitting a PECO pole and nothing in the Police report or Bills of Information indicated she hit a PECO pole. The Commonwealth failed to prove Appellant should be responsible for paying restitution to PECO. The trial court therefore erred in ordering Appellant to pay restitution in the amount of $20,418.75[1] to PECO for an accident she was not involved in.

## DISCUSSION

### A. THIS COURT PROPERLY SENTENCED DEFENDANT TO PAY RESTITUTION FOR DAMAGE TO THE PECO ENERGY POLE.

While the Appellant's Concise Statement consists of three paragraphs, it appears that only one issue is raised on appeal, that being the propriety of the restitution order against the defendant for damages to the PECO Energy utility pole.

When Officer Liewinko arrived at the accident scene on the night of April 10, 2014, he found the defendant in her vehicle, which had stopped after hitting two parked vehicles. Witnesses to this accident informed the Officer that the defendant's vehicle was swerving back and forth over the double yellow line and struck a parked car head-on and then struck another vehicle. NT, Restitution Hearing, 12/10/15, p. 7. Officer Liewinko also observed that the

---

[1] This Court Ordered Restitution in the amount of $19,463.70, which is the amount of damages testified to by PECO Energy's witness. NT, Restitution Hearing, 12/10/15, p. 11, 27.

4

bumper of the defendant's car was hanging off the back. NT, Restitution Hearing, 12/10/15, p. 5-6. Officer Licwinko's Criminal Complaint identifies the defendant's vehicle as a silver/aluminum Nissan Sentra, with a license plate number of FHM0824. *See,* Criminal Complaint, filed June 30, 2014.

At 8:53 p.m., approximately three minutes prior to Officer Licwinko's response to the accident involving the defendant and the two parked cars, a report of a hit and run in the 200 block of York Street was called in to the Pottstown Police Station. The caller described the vehicle as a gray or silver Nissan, with a Pennsylvania registration number of FHM0824. NT, Restitution Hearing, 12/10/15, pp. 7-10.

Kimberly Yocum, a senior claims case manager for PECO Energy testified that she was contacted by the Pottstown Police Department to report a damaged utility pole at 264 North York Street in Pottstown. NT, Restitution Hearing, 12/10/15, p. 11, 26. She testified that PECO's troubleman, Howard Green was dispatched to the site to determine the amount of damage. He determined that pole number 520 was hit by a vehicle and it was cracked at the bottom, at the secondary level and at the cross arms at the top. NT, Restitution Hearing, 12/10/15, p. 21-22. The damages were calculated to be $19,463.70. NT, Restitution Hearing, 12/10/15, p. 11. The defendant spoke with a representative of PECO on a couple of occasions regarding the amount of damages PECO incurred as a result of the damaged utility pole. NT, Restitution Hearing, 12/10/15, p. 12-15; Exhibit C-3.

The defendant testified that after taking the prescribed medication she does not remember two days of her life, let alone hitting the utility pole that night. NT, Open Guilty Plea, 7/8/15, p. 18; NT, Restitution Hearing, 12/10/15, p. 25.

5

11

It is the Commonwealth's burden of proving its entitlement to restitution. When fashioning an order of restitution, the lower court must ensure that the record contains the factual basis for the appropriate amount of restitution. The dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. The amount of the restitution award may not be excessive or speculative. *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010)(*citations omitted*).

Restitution can be imposed by the Courts in one of three ways, as a direct sentence under 18 Pa. C.S. § 1106(a); as a condition of probation under 42 Pa. C.S. § 9754(c)(8); or as a condition of intermediate punishment under 42 Pa. C.S. § 9763(b)(10). *See, Commonwealth v. Harriott*, 919 A.2d 234, 237-38 (Pa. Super. 2007).

In the instant matter, the defendant was ordered to serve intermediate punishment as part of her DUI sentence and as such, restitution for damage to the utility pole was imposed upon the defendant under Section 9763(b)(10).

Circumstantial evidence presented by the Commonwealth established that the defendant struck the utility pole on the 200 block of York Street in Pottstown. The defendant's vehicle had rear end damage with its bumper hanging off. A report of a hit and run on York Street was called into the Pottstown Police Station three minutes before the defendant hit the two parked vehicles, a short distance away. The description of the hit and run vehicle matches the make and color of the defendant's vehicle, as well as the license plate number. While it was never identified what precisely was hit on York Street, there were no reports of any other property damage in that area, other than the utility pole. These facts considered collectively with the damage to the rear of the defendant's vehicle leads this Court to conclude that the defendant struck the utility pole with her vehicle shortly before she struck the two parked vehicles.

6

Accordingly, based upon the foregoing, this Court concludes that the damages to the utility pole stem from the defendant's overall conduct that night which resulted in the charge of DUI, to which she has pled guilty. The restitution will provide reimbursement to PECO, who is a victim in this matter for restitution purposes.

## CONCLUSION

Based on the reasons above, the undersigned respectively requests that this Court's sentence imposing restitution upon the Defendant for damage to the PECO Energy utility pole, ir the amount of $19,463.70 be **AFFIRMED**.

**BY THE COURT:**

CHERYL L. AUSTIN,          J.

Copies of the above Order
Mailed on: 2/29/16
By Interoffice Mail to:
Montgomery County District Attorney's Office – Appellate Div.
Raymond Roberts, Esq. (Assistant Public Defender, Chief of Appeals)
Clerk of Courts

Judicial Secretary

7