J-S30042-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT HOPKINS EASTMAN | : | |
| | : | |
| Appellant | : | No. 149 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 18, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000138-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    FILED JULY 24, 2020

Appellant, Robert Hopkins Eastman, appeals pro se from the Judgment of Sentence entered by the Court of Common Pleas of Mercer County after a non-jury trial resulted in guilty verdicts on all three summary charges filed against him.  We affirm.

On March 15, 2019, the Commonwealth filed a Criminal Information charging Appellant with two counts of Aggravated Assault, one count of Resisting Arrest or Other Law Enforcement, and one count of Criminal Trespass.  On August 15, 2019, the Commonwealth moved to amend the Criminal Information by withdrawing all four charges listed and adding three new charges, namely, one count of summary Defiant Trespass and two counts

_____

[*] Former Justice specially assigned to the Superior Court.

of summary Disorderly Conduct. By Order of September 9, 2019, the trial court granted the Commonwealth's Motion to Amend Criminal Information.

At Appellant's non-jury trial of October 18, 2019, the Commonwealth introduced testimony from three witnesses. Collectively, these witnesses testified that on December 12, 2018, Appellant went to a Speedway station to buy a coffee drink. N.T., 10/18/19, at 5-10. Appellant, however, was dissatisfied with the amount of coffee poured by the automatic dispenser and he raised this matter with the store's manager. N.T. at 14.

During the discussion, Appellant began ranting loudly about various topics and demanded that the manager fix his drink and refund his money. N.T. at 14-17. The manager issued Appellant a refund and asked Appellant to leave due to his behavior. N.T. at 14. Appellant refused to leave and continued to confront the manger and rant inside the store. N.T. at 15-16. This prompted the manager to call for police assistance in removing Appellant from the store. N.T. at 16.

Officers Sonney and Wiley of the Sharon Police Department arrived shortly and immediately encountered Appellant outside the store, by the front door. N.T. at 35; 55. Officer Sonney repeatedly asked Appellant to produce his identification, n.t. at 38-39; 58-59, but Appellant would simply tell the officer to "hold on" or "you need to calm down." N.T. at 39, 59. The officers informed Appellant that if he did not provide either his name or identification, he would be placed in handcuffs. N.T. 39, 59. Appellant again told the officers to "hold on, just wait." N.T. at 39, 59.

The officers decided to detain Appellant at that point. N.T. at 59. Officer Wiley stepped behind Appellant and attempted to place Appellant's wrists behind his back so that he could be handcuffed. N.T. at 39-40. Appellant blocked this attempt, however, by crossing his arms in front of his chest, tensing his body, and saying "no, no, no." N.T. at 40.

In the struggle, Appellant fell backwards on top of Officer Wiley, causing the officer to feel a sharp pain in his shoulder. N.T. at 40. In this position, Officer Wiley held Appellant around the neck/chest area while Officer Sonney unsuccessfully attempted to loosen Appellant's arms. N.T. at 3. Appellant flailed back and forth during this time and ignored warnings that he would be tazed if he did not comply. N.T. at 41-42; 60; 63. Despite the warning, Appellant continued to scream loudly and keep his arms rigidly crossed on his chest. N.T. at 42; 44-45.

Ultimately, Officer Sonney needed to stun Appellant with his tazer in order to loosen Appellant's arms and place them behind his back for handcuffing. N.T. at 42, 61, 63. Police first arranged for an ambulance to transport Appellant to the hospital because he complained of shoulder pain. N.T. at 42-43. From there, he was released to police custody and taken to the police station to be fingerprinted. N.T. at 64. Meanwhile, Officer Wiley required medical leave from work for over a month after the incident to allow his shoulder to heal, and he testified that he may not regain full function of the joint. N.T. at 43-44.

At the conclusion of trial, Judge Wallace found Appellant guilty of the two counts of Disorderly Conduct and one count of Defiant Trespass. The court sentenced Appellant the same day to an aggregate fine of $900.00 and an aggregate sentence of 270 days of probation. No sentence of incarceration was imposed. This timely appeal followed.

From Appellant's pro se "Counter Brief," in which biblical arguments and convoluted references to legal principles predominate, we manage to discern two issues. First Appellant appears to argue that he was denied his constitutional rights to a jury trial when the trial court scheduled a non-jury trial after approving the Commonwealth's amendment of the Criminal Information to include three summary offenses.[1] This claim has no merit.

In Commonwealth v. Harriot, 919 A.2d 234, 237 (Pa.Super. 2007), this Court recognized that there is no right to a jury trial for individual offenses carrying a sentence of six months or less, even where there exists the possibility of running such sentences consecutively for an aggregate sentence of greater than six months. Here, Appellant was charged with three summary offenses, each carrying a maximum sentence of 90 days. Therefore, Appellant had no right to a jury trial.

_____

[1] Appellant's brief is rambling and nearly unintelligible, particularly so in his first issue. Thus, even if we liberally construe the materials Appellant filed, including his concise statement, the scarcity of pertinent legal argument and other substantial defects in his appellate brief encumber meaningful review. See Pa.R.A.P. 2101. Nevertheless, as Appellant's first issue is discernable, we may dispose of it on the merits.

Appellant's remaining issue raised in his pro se brief is simply entitled, "My Shoulder." In this claim, he essentially raises a bare allegation, unsupported by citation to authority and lacking cogent legal argument, that insufficient evidence supported the verdict entered against him. The crux of this claim is the assertion that the officers lied when they testified he resisted their commands, since they knew he had repeatedly informed them of a medical condition to his shoulder that prevented him from placing his arms behind his back.

It is axiomatic that, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." Commonwealth v. Johnson, 985 A.2d 915, 924 (Pa. 2009). In addition, "although this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant." Commonwealth v. Lyons, 833 A.2d 245, 251–52 (Pa.Super. 2003) (citation omitted). Accordingly, a pro se litigant must comply with our procedural rules. See id. On this basis, we deem Appellant's second claim waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/2020