J-S36042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD K. ROSE | : | |
| | : | |
| Appellant | : | No. 253 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 30, 2025
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-SA-0000309-2024

BEFORE: PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: November 18, 2025**

Appellant, Richard K. Rose, appeals *pro se* from a judgment of sentence of a $50.00 fine, imposed by the Court of Common Pleas of Westmoreland County, after the trial court, sitting *de novo*, found him guilty of one count of violating rules regarding conduct on Commonwealth property.[1] After review, we affirm.

On July 13, 2024, around 11:49 p.m., Officer Christopher Gregory, a Pennsylvania park ranger, saw Appellant in his vehicle in Linn Run State Park. *See* N.T. Trial, 1/30/25, at 20, 22. Officer Gregory pulled over Appellant because Linn Run State Park closes after sunset. *See* N.T. Trial, 1/30/25, at 23 (Officer testifying that sunset was 8:46 p.m. on July 13th); Commonwealth

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 7506(a).

Trial Exhibit 2 (Photo of Linn Run State Park Bulletin Board with Park Hours stating park hours were sunrise to sunset). Appellant was given a citation pursuant to 17 Pa. Code § 11.208(a).[2]

On October 8, 2024, a magisterial district court found Appellant guilty of the above-mentioned offense. *See* Order Imposing Sentence (MDJ-10-3-09), 10/8/24. Subsequently, Appellant filed a timely notice of summary appeal with the trial court. *See* Notice of Summary Appeal, 11/7/24. On January 30, 2025, a trial *de novo* was held, and the trial court found Appellant guilty of the summary offense and ordered him to pay a $50.00 fine. *See* Order (Sentence of Order & for Taxing Costs), 1/30/25, at 2. Appellant filed a timely notice of appeal, and both the trial court and Appellant complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Notice of Appeal, 2/27/25; Order (Ordering Appellant to file a Rule 1925(b) Concise Statement), 3/5/25; Rule 1925(b) Statement, 3/28/2025; Trial Court Opinion, 4/15/25, at 2.

Appellant presents the following issues for appeal:

1.  Whether the conviction was supported by sufficient evidence beyond a reasonable doubt?

2.  Whether the trial court violated Appellant's right to due process by denying motions for dismissal and presenting exculpatory evidence?

---

[2] Specifically, the Pennsylvania Administrative Code states that an individual is prohibited from entering, using, or remaining in a state park, area, or facility that has been closed. *See* 17 Pa. Code § 11.208(k).

3.      Whether the [Commonwealth] failed to establish jurisdiction or the presence of an injured party, thereby rendering the proceedings void?

4.      Whether judicial bias and conflicts of interest violated Appellant's right to an impartial tribunal?

5.      Whether Appellant was entitled to a jury trial[,] given the collateral consequences and reputational harm?

Appellant's Brief, 2 (unpaginated; numeral prompts substituted; issues re-ordered).[3]

First, Appellant challenges the sufficiency of evidence for his conviction. *See* Appellant's Brief, at 2-3 (unpaginated); *cf. Commonwealth v. Toritto*, 67 A.3d 29, 33 (Pa. Super. 2013) (*en banc*) ("Because a successful sufficiency of the evidence claim warrants discharge on the pertinent crime, we must address this issue first."). Appellant argues that the trial court erred in finding Appellant guilty because the Commonwealth did not prove beyond a

_____

[3] Before we address the substantive merits of Appellant's claims, we must determine whether he preserved his five issues for our review. Appellate briefs are required to conform to our rules of appellate procedure. *See* Pa.R.A.P. 2101. We observe that Appellant failed to comply with Rule 2111(b), which mandates the inclusion of the trial court opinion at the end of his appellate brief. *See* Appellant's Brief, at 4 (unpaginated); Pa.R.A.P. 2111(b). Appellant's *pro se* status does not relieve him of his duty to follow the Pennsylvania Rules of Appellate Procedure. *See Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037 (Pa. Super. 2018) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.") (citation omitted). However, Appellant's failure to attach the trial court's opinion to his brief does not meaningfully impede our review. Accordingly, we will address his claims so long as they were not otherwise waived. *See Commonwealth v. Freeland*, 106 A.3d 768, 777 (Pa. Super. 2014) ("[I]n the interest of justice we address the arguments that can reasonably be discerned from this defective brief.") (citation omitted).

reasonable doubt that Appellant was on state park property at the time of the alleged violation. ***See*** Rule 1925(b) Statement, 3/28/25, at 2-3 (unpaginated). Appellant asserts that Officer Gregory, who testified, admitted to not witnessing Appellant's offense and relied on "hearsay and visual similarity." Appellant's Brief, at 2 (unpaginated). He further avers that "there was no video, photos, or credible testimony proving [Appellant's] presence on state park property." ***Id.***[4]

We begin by noting our standard of review for sufficiency of evidence:

> When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be

---

[4] It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. ***See*** Pa.R.A.P. 2119(a)-(c). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." ***Commonwealth v. Martz***, 232 A.2d 801, 811 (Pa. Super. 2020) (quoting ***Coulter v. Ramsden,*** 94 A.3d 1080, 1088 (Pa. Super. 2014)). Here, Appellant's brief lacks citations to any authority for his sufficiency of the evidence claim and further does not reference the record. ***See*** Appellant's Brief, at 2-3 (unpaginated). Nevertheless, in the interest of justice, we will address Appellant's claim as we are able to discern the substance of Appellant's argument.

disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

*Commonwealth v. Henck*, 342 A.3d 726, 732 (Pa. Super. 2025) (citation omitted).

Appellant challenges the evidence sustaining his conviction for violating rules regarding conduct on Commonwealth property, which provides in relevant part:

> The [Department of Conservation and Natural Resources] … may promulgate rules and regulations governing conduct … on Commonwealth property within the jurisdiction of that agency. Such rules and regulations shall be reasonably related to the preservation and protection of such property for its specified or intended use, or to promote the welfare, safety or protection of those persons using such property, shall be consistent with existing law and shall be posted in a manner reasonably likely to come to the attention of persons using such property.

18 Pa.C.S. § 7506(a).

Specifically, the Pennsylvania Administrative Code involving conservation and natural resources states that, except as otherwise provided and posted, state parks are open to the public daily from sunrise until sunset. *See* 17 Pa. Code § 11.208(a). Moreover, an individual is prohibited from entering, using, or remaining in a state park, area, or facility that has been closed. *See* 17 Pa. Code § 11.208(k)(1).

Upon our independent review of the evidentiary record, we conclude that the trial court adequately addressed Appellant's sufficiency claim regarding his conviction in its Rule 1925(a) opinion, and we adopt its following analysis:

Here, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the Commonwealth presented sufficient evidence for this [c]ourt to find [Appellant] guilty for entering and/or remaining in Linn Run State Park [(the "Park")] after sunset. Officer Gregory testified that after [the] Park was closed at approximately 11:01 p.m., he observed two unattended vehicles in the upper parking lot of the Adam Falls area within the [P]ark.

Subsequently, at around 11:49 p.m., he observed headlights turn on in that upper parking lot and one of the previously unattended vehicles travel down the roadway. He conducted a traffic stop on the vehicle and identified [Appellant] as the driver. [Appellant] additionally admitted to driving on Linn Run Road and in the Adam Falls parking lot within the [P]ark. Officer Gregory testified that the [P]ark was open from sunrise to sunset and the [P]ark's hours of operation were posted throughout the park. Pictures of those postings were admitted into evidence.

Officer Gregory also testified that there were visible postings of the [P]ark's hours in the area where [Appellant] would have entered that [P]ark. For these reasons, the Commonwealth presented sufficient evidence for this [c]ourt to find [Appellant] guilty beyond a reasonable doubt. This [c]ourt disagrees with [Appellant's] assertion that the Commonwealth's case was based on conflicting officer testimony. [Officer Gregory's] testimony alone was sufficient for [Appellant] to be found guilty in this case and [Appellant's] claim is without merit.

Trial Court Opinion, 4/15/25, at 9-13 (citations omitted). Accordingly, Appellant is not entitled to relief on his first issue.

In issue two, Appellant contends the trial court violated his due process rights under the 14th Amendment of the United States Constitution because of "lack of notice, no original citation was served, and [there was] an arbitrary arrest without probable cause." Appellant's Brief, at 2-3 (unpaginated). However, Appellant did not assert the same legal theories for a due process violation in his Rule 1925(b) statement. *See* Rule 1925(b) Statement,

3/28/25, at 1 (unpaginated) (stating trial court violated Appellant's due process rights "[b]y failing to provide a fair trial, obstructing the introduction of exculpatory evidence, and denying [Appellant's] right to fundamental procedural protections[]"). Therefore, we find this claim waived. ***See Commonwealth v. Jones***, 191 A.3d 830, 834-35 (Pa. Super. 2018) (finding waiver where defendant challenged identification testimony on appeal under different theories than those previously addressed to trial court in Rule 1925(b) statement because trial court did not have opportunity to review those theories); Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b)] statement … are waived"). Furthermore, we agree with the trial court that Appellant's concise statement is too vague as to this issue, which also results in waiver of this claim on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(ii) ("the [Rule 1925(b) s]tatement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issues to be raised for the judge…"); Trial Court Opinion, 4/15/25, at 8.

Next, we find that Appellant did not include issue three from his appellate brief, addressing the trial court's jurisdiction, in his Rule 1925(b) statement. ***See*** Rule 1925(b) Statement, 3/28/25, at 1 (unpaginated); Appellant's Brief, at 2-3 (unpaginated). Therefore, Appellant also waived that issue. ***See Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (emphasizing that, almost without exception, issues not raised in a court-ordered Rule 1925(b) statement are waived on appeal).

As for the remaining claims, we find that Appellant has preserved issues four and five. We note that although each argument spans only a couple sentences, Appellant does cite relevant case law in his brief. **See** Appellant's Brief, at 2 (unpaginated). Additionally, the trial court addressed all issues in its Rule 1925(a) opinion, which helps us glean the substance of these two issues. **See** Trial Court Opinion, 4/15/25, at 9, 13-15.

In issue four, Appellant contends that the trial court demonstrated clear bias and prejudice against him by denying his recusal motion during his *de novo* trial. **See** Appellant's Brief, at 2 (unpaginated); N.T. Trial, 1/30/25, at 10-16. He argues that the trial judge's denial of his recusal motion was an error because there was a conflict of interest, which was that the trial court had ruled against him in another case previously. **See** Appellant's Brief, at 2 (unpaginated); Trial Court Opinion, 4/15/25, at 13 ("Appellant presented a recusal motion claiming that this [trial c]ourt had a conflict of interest due to previously finding him guilty of disorderly conduct in a separate case[.]").

Our standard of review for a denial of recusal is well-settled:

Our Supreme Court presumes judges of this Commonwealth are "honorable, fair[,] and competent," and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. **Commonwealth v. White**, 734 A.2d 374, 384 (Pa. 1999). The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the "decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion." **Commonwealth v. Darush**, 459 A.2d 727, 731 (Pa. 1983).

*Commonwealth v. Kearney,* 92 A.3d 51, 60 (Pa. Super. 2014) (brackets and some citations omitted; internal citations modified).

The trial court addressed denying Appellants' recusal motion in its 1925(b) opinion:

> In the instant case, it was not necessary for this [c]ourt to recuse itself based on [Appellants'] allegations. Specifically, [Appellant] failed to produce any evidence establishing bias, prejudice, or unfairness necessitating recusal. This [c]ourt felt that it could hear and dispose of this case fairly and without prejudice. Moreover, this [c]ourt was able to assess the case in an impartial manner, free of personal bias or interest in the outcome. Additionally, this [c]ourt's continued involvement in the case did not create an appearance of impropriety and did not tend to undermine public confidence in the judiciary in light of [Appellant's] bald assertions. For all of these reasons, [Appellant's] claim is without merit.

Trial Court Opinion, 4/15/25, at 15.

We agree. Here, Appellant identifies no statement, conduct, or extrajudicial relationship that suggests actual bias on the part of the trial judge such that we could find that the denial of his recusal motion was an abuse of discretion. *See* Appellant's Brief, at 3 (unpaginated). Upon review of the record, we conclude that the trial court explained its denial of Appellant's recusal motion and was both fair and impartial. *See Commonwealth v. Blakeney,* 946 A.2d 645, 662 (Pa. 2008) ("Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion."); Trial Court Opinion, 4/15/25, at 13-15. Therefore, Appellant's fourth claim has no merit.

Finally, in his fifth issue, Appellant contends that the trial court erred in denying his request for a jury trial at his trial *de novo*. ***See*** N.T. Trial, 1/30/25, at 7-9 (trial court denying Appellant's jury trial request); Rule 1925(b) Statement, 3/28/25, at 2 (unpaginated); Appellant's Brief, at 3 (unpaginated). Nevertheless, Appellant is not entitled to relief.

"The right to a jury trial under the Sixth Amendment to the United States Constitution and Article I, §§ 6, 9 of the Pennsylvania Constitution applies when a criminal defendant faces a sentence of imprisonment exceeding six months." ***Commonwealth v. McMullen,*** 961 A.2d 842, 847 (Pa. 2008); ***Commonwealth v. Harriott,*** 919 A.2d 234, 237 (Pa. Super. 2007) ("[T]here is no jury trial right if an offense bares a maximum incarceration of six months or less.").

Here, Appellant was charged with a summary offense, which carries a maximum sentence of ninety days' imprisonment. ***See*** 18 Pa.C.S. § 1105 ("A person who has been convicted of a summary offense may be sentenced to imprisonment for a term which shall be fixed by the court at not more than [ninety] days"). Therefore, Appellant did not have a constitutional right to a jury trial, and his claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  11/18/2025