J-S05012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JENNIFER CAMPBELL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAHEEM HOBSON | : | |
| | : | |
| Appellant | : | No. 1026 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 1, 2021
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
202005016

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED APRIL 20, 2022**

Raheem Hobson appeals from the judgment of sentence entered after the trial court found he committed indirect criminal contempt ("ICC") in relation to his behavior following the entry of a protection from abuse ("PFA") order. In addition, counsel has filed a brief pursuant **Anders v. California**, 386 U.S. 738 (1967), and a petition to withdraw from representation. We grant counsel's petition to withdraw and affirm the judgment of sentence.

Hobson does not challenge his convictions, only the resulting sentences, on appeal. We therefore take the following facts from the trial court's opinion. On May 21, 2020, Jennifer Campbell obtained a temporary PFA order against Hobson. On June 11, 2020, after a hearing, the trial court entered a final no contact PFA order.

Campbell indicated that prior to May 16, 2021, she received phone calls from Hobson wherein he said he was going to strangle her, kill her and bury her in her backyard. On May 16, 2021, Campbell returned home at approximately 2:30 a.m. and found Hobson at her residence. When she exited her car, Hobson physically assaulted her.

Campbell reported the PFA order violation to the police, and on June 1, 2021, the Commonwealth filed ICC Violation No. 1. A hearing was scheduled for June 10, 2021.

Campbell appeared at the Luzerne County Courthouse to testify at the June 10, 2021 ICC hearing. Prior to the hearing, inside the Courthouse, Hobson was yelling to Campbell that he was "going to bring her down." Due to Hobson's behavior prior to the hearing, the proceeding was rescheduled. As Campbell was leaving the Courthouse and returning to her car, Hobson, who was handcuffed and in custody of the Luzerne County Sheriff's Department, continued to yell threats to her.

On June 11, 2021, the Commonwealth filed ICC Violation No. 2 for the incidents that occurred at the Courthouse on June 10, 2021. On June 24, 2021, the hearing for Violation No. 1 was rescheduled to July 1, 2021, to be heard in conjunction with Violation No. 2.

At the July 1, 2021 hearing, the trial court found Hobson guilty on both counts of ICC and expressed concern about the repeated violations that

occurred in the courtroom and outside the Courthouse on June 10, 2021. Prior to sentencing, Hobson continued to yell and speak over the trial court.

After hearing from the Commonwealth and defense counsel concerning sentencing, and the trial court sentenced Hobson to six months of incarceration on Violation No. 1 and three to six months of incarceration on Violation No. 2. In addition, the trial court extended the PFA order to July 1, 2024.

On July 13, 2021, Hobson filed a petition seeking to file a post sentence motion *nunc pro tunc*, which was accompanied by a copy of a post sentence motion. On July 23, 2021, the trial court denied Hobson's request. This timely appeal followed. Both Hobson and the trial court complied with Pa.R.A.P. 1925.

Hobson's appellate counsel subsequently filed an *Anders* brief, agreeing with the trial court that the two issues raised in the Hobson's 1925(b) statement were meritless. Counsel also indicated that there were no other non-frivolous issues to appeal, and, along with the *Anders* brief, filed a petition to withdraw from representation. Preliminarily, we have reviewed counsel's brief and petition, and we conclude they substantially meet the requirements for counsel seeking to withdraw from representation on direct appeal. *See Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super.

2014).[1] Accordingly, we turn to our own review of the appeal to determine if it is wholly frivolous. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (stating that once an appellate court determines that counsel's application and brief satisfy **Anders**, the court must then conduct its own review of the appeal to determine if it is wholly frivolous).

In the **Anders** brief submitted by counsel, Hobson argues that the trial court abused its discretion in imposing the sentence in this case. He contends that the sentences imposed should not have been ordered to run consecutively and imposition of a term of incarceration rather than probation was excessive.

As a prefatory matter, we observe that a charge of ICC consists of a claim that a violation of an order or decree of court occurred outside the presence of the court. **See Commonwealth v. Brumbaugh**, 932 A.2d 108, 110 (Pa. Super. 2007) (citation and quotation marks omitted). Where a PFA order is involved, an ICC charge is designed to seek punishment for violation of the protective order. **See Brumbaugh**, 932 at 110 (citation and quotation marks omitted). Specifically, the PFA Act permits a court to punish and hold

---

[1] Specifically, counsel seeking to withdraw from representation on direct appeal under **Anders** must file a brief that: 1) provides a summary of the procedural history and facts; 2) refers to anything in the record that counsel believes arguably supports the appeal; and 3) sets forth counsel's conclusions that the appeal is frivolous, and the reasons for that conclusion. **See id**. Counsel must also provide a copy of the **Anders** brief to his client, with an accompanying letter that advises the client of his right to: 1) retain new counsel to pursue the appeal; 2) proceed *pro se*; or 3) raise additional points deemed worthy of the Court's attention. **See id**. at 880. Hobson's counsel substantially complied with these requirements.

in indirect criminal contempt a defendant who violates a PFA order. *See* 23 Pa.C.S.A. § 6114(a).

We further observe that the sentencing guidelines do not apply to sentences imposed as a result of violations of protection from abuse orders. *See* 204 Pa. Code § 303.1(b). Rather, pursuant to 23 Pa.C.S.A. § 6114(b)(1), the trial court has the option of sentencing a contemnor to up to six month of incarceration or six months of probation.[2] *See* 23 Pa.C.S.A. § 6114(b)(1)(i)(A) (describing confinement option) and (b)(1)(i)(B) (setting forth probationary option). Moreover, as with those accused of any crime, one charged with ICC is to be provided the safeguards which statute and criminal procedures afford. *See Brumbaugh*, 932 at 110 (citation and quotation marks omitted).

Concerning challenges to the discretionary aspects of a sentence, our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

However, it is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the

---

[2] We note that a flat sentence of incarceration is permissible for ICC sanctions under the PFA, and therefore Hobson's sentence is legal. *See Commonwealth v. Marks*, 268 A.3d 457 (Pa. Super. 2021).

discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citation and brackets omitted).

The first requirement of the four-part test is met because Hobson timely brought this direct appeal following the imposition of his sentence. However, our review of the record reflects that Hobson did not meet the second requirement because he did not raise his challenges to the discretionary aspects of his sentence in an appropriate post-sentence motion or at the time of sentencing. Specifically, after the period for filing a post-sentence motion expired, Hobson filed a petition to seeking to file his post sentence motion *nunc pro tunc*, which the trial court denied. Nor did Hobson raise his challenges orally at the sentencing hearing. Because his post-sentence motion was

untimely, Hobson failed to preserve his challenges to the discretionary aspects of sentencing. *See* Pa.R.Crim.P. 720(A)(1) (providing that a written post-sentence motion "shall be filed no later than 10 days after imposition of sentence").

Moreover, this Court has held the failure to preserve a discretionary sentencing claim with the trial court in a timely post-sentence motion results in waiver even when appellate counsel petitions for withdrawal in the context of *Anders*. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("Absent [a timely post-sentence motion or claim raised during sentencing], an objection to a discretionary aspect of a sentence is waived."); *see also Commonwealth v. Cox*, 231 A.3d 1011, 1016 (Pa. Super. 2020) (explaining that precedent does not permit "this Court to address issues that were not properly preserved in the trial court" and "the mere filing of an *Anders* brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal").

Therefore, we are constrained to conclude that Hobson's issues are waived, and we are precluded from addressing their merits. Consequently, his discretionary aspects of sentencing issues are frivolous because they are not reviewable on direct appeal. *See Commonwealth v. Kalichak*, 943 A.2d

285, 291 (Pa. Super. 2008) (when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").[3]

We agree with counsel that any challenges to the discretionary aspects of sentencing that Hobson wished to raise on appeal lack merit. We have reviewed the certified record and do not discern any other claims that are non-frivolous. Accordingly, we grant counsel's application to withdraw and affirm Hobson's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/2022

_____

[3] Even if not waived, Hobson's challenges are frivolous. First, his claim that the consecutive sentencing is to no avail, as he fails to explain why the aggregate sentence of one year in prison is unduly harsh when viewed in the context of his repeated threats against the victim and demonstrated lack of respect for the judicial process. *See Commonwealth v. Moury*, 992 A.2d 162, 171-172 (Pa. Super. 2010). Second, the trial court did not abuse its discretion in imposing sentences of incarceration at each ICC count. Hobson's conduct at the very least supports a finding that he needs to be segregated from the victim before he commits more crimes, to say nothing of the need to vindicate the court's authority and encourage Hobson to obey lawful orders.