J-S26004-21

2021 PA Super 237

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MATTHEW COLLINS MARKS | : | |
| | : | |
| Appellant | : | No. 341 MDA 2021 |

Appeal from the Judgment of Sentence Entered February 11, 2021
In the Court of Common Pleas of the 39th Judicial District, Franklin County
Branch, Civil Division at No: 2020-02305

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

OPINION BY STABILE, J.:                    **FILED:  DECEMBER 7, 2021**

Appellant, Matthew Collins Marks, appeals form the February 11, 2021 judgment of sentence imposing a flat 150 days of incarceration for violation of a Protection From Abuse ("PFA") order.  Appellant argues the flat sentence is illegal.  We affirm.

On August 13, 2020, the trial court entered a temporary PFA order against Appellant.  An indirect criminal contempt ("ICC") charge was filed against Appellant on September 1, 2020, and, on September 10, 2020, the trial court found Appellant in indirect criminal contempt and imposed a $300.00 fine and six months of probation.  Also on September 10, 2020, the trial court entered a final protection from abuse order.  On November 25, 2020, the trial court conducted a probation violation hearing (a ***Gagnon I***

hearing)[1] based on Appellant's alleged reporting violations and use of a controlled substance. On February 11, 2021, Appellant waived his right to a ***Gagnon II*** hearing and admitted the violations. N.T. 2/11/21, at 3-4. The trial court imposed a flat sentence of 150 days of incarceration with appropriate credit for time served. This timely appeal followed.

Appellant's only argument is that the flat sentence is illegal. This presents a question of law for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Wolfe***, 106 A.3d 800, 801-02 (Pa. Super. 2014), ***affirmed*** 140 A.3d 65 (Pa. 2016). Likewise, the interpretation and construction of a statute is a question of law. ***Commonwealth v. J.C.***, 199 A.3d 394, 398 (Pa. Super. 2018), ***appeal denied***, 210 A.3d 268 (Pa. 2019). Our goal is to effectuate the General Assembly's intent and give effect to all provisions of a statute. 1 Pa.C.S.A. § 1921(a).[2]

In ***Wagner v. Wagner***, 564 A.2d 162 (Pa. Super. 1989), ***appeal denied***, 578 A.2d 415 (Pa. 1990), this Court held that a flat sentence is permissible under the PFA statute. There, the defendant received a flat sentence for ICC. He argued that because ICC is a crime, the minimum/maximum rule set forth in the Pennsylvania Sentencing Code

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

[2] ***See generally***, the Statutory Construction Act, 1 Pa.C.S.A. §§ 1501-1991.

prohibits a flat sentence: "The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. § 9756(b)(1).

The **Wagner** Court disagreed, noting that the "PFA Act 'has its roots in equity and is essentially civil,'" and that "a court's use of its inherent power to enforce its orders under the Act through contempt does not preclude a later criminal prosecution to protect the Commonwealth's interest in preventing crime." **Id.** at 163 (quoting **Commonwealth v. Allen**, 486 A.2d 363 (Pa. 1984)). The **Wagner** Court also noted that a contemnor under the PFA has no right to a preliminary hearing or jury trial. **Id.** Further, the PFA Act was meant to address spousal and child abuse, and its goal is to prevent future abuse rather than impose punishment for past abuse. **Id.** at 163-64 (citing **Eichenlaub v. Eichenlaub**, 490 A.2d 918, 920-22 (Pa. Super. 1985)). Thus, the imposition of sanctions for contempt rests within the court's inherent power to enforce its orders. **Id.** at 164. In summary,

> While a PFA proceeding is criminal in nature, it does not receive all of the protections that regular criminal proceedings receive. While criminal contempt is a crime, the sanctions imposed because of it are best left to the discretion of the offended court limited by only a few legislative restrictions. The PFA Act was enacted as specific remedial legislation and for this court to require that contemnors under this Act receive minimum as well as maximum sentences would only weaken the effectiveness of the Act. Had the legislature intended that minimum and maximum sentencing requirements be part of the sanctions for indirect criminal contempt under the PFA, it would have included such language in the Act.

**Id.**

Appellant argues that **Wagner** no longer controls because of subsequent amendments to the PFA statute. **Wagner** considered former § 1019(b):

> (b) **Notwithstanding any provision of the law to the contrary** any sentence for this contempt may include imprisonment *up to* six months or a fine not to exceed $1,000 or both and the defendant shall not have a right to a jury trial on such a charge.

35 Pa.C.S.A. § 1019(b), repealed (emphasis added). The current version of the statue, codified at § 6114(b)(1) of the Domestic Relations Code, omits the bolded phrase (hereinafter the "Notwithstanding Clause"):

> (1) A sentence for contempt under this chapter may include:
>
> (i)(A) a fine of not less than $300 nor more than $1,000 and imprisonment up to six months; or
>
> (B) a fine of not less than $300 nor more than $1,000 and supervised probation not to exceed six months; and
>
> (ii) an order for other relief set forth in this chapter.

23 Pa.C.S.A. § 6114(b)(1).

Citing **Commonwealth v. Bell**, 645 A.2d 211 (Pa. 1994), Appellant argues that the change in language from former § 1019(b) to current § 6114(b)(1) renders **Wagner** inapplicable. In **Bell**, our Supreme Court considered a constitutional challenge to the then-existing mandatory minimum sentence for marijuana trafficking, 18 Pa.C.S.A. § 7508 (held unconstitutional by **Commonwealth v. DiMatteo**, 177 A.3d 182 (Pa. 2018)). Section 7508 provided that, "Notwithstanding any other provision of this or any other act to the contrary […]" certain mandatory minimums would apply

to drug trafficking offenses. ***Bell***, 645 A.2d at 214-15. The minimum sentence for a crime involving at least 10 pounds but less than 50 pounds of marijuana was three years; the minimum for an offense involving at least 50 pounds of marijuana was five years. ***Id.*** at 215. The Controlled Substance, Drug, Device and Cosmetic Act ("Drug Act"), on the other hand, capped the sentencing for certain offenses at five years. 35 P.S. § 780-113(f)(2). Because, for some offenses, the applicable three-year minimum exceeded half of the Drug Act's five-year maximum and, for other offenses, five years was the minimum **and** maximum, the defendants argued the statutory scheme conflicted with § 9756 and was unconstitutionally vague in violation of the Due Process clause of Article 1, § 9 of the Pennsylvania Constitution. The Supreme Court disagreed, holding that the "Notwithstanding […]" language in § 7508 created an exception to the minimum/maximum rule of § 9756. ***Bell***, 645 A.2d at 217. That is, the sentencing scheme could be applied as written, notwithstanding that it was at odds with the minimum/maximum rule of § 9756.

Appellant argues, in accord with the Supreme Court's reasoning in ***Bell***, that the Notwithstanding Clause of former § 1019(b) carved out an exception to § 9756. Because that clause is absent in current t§ 6114(b)(1), Appellant argues that § 9756 applies and prohibits a flat sentence.

We disagree, finding ***Bell*** distinguishable and ***Wagner*** controlling. The ***Wagner*** Court did not rely on the Notwithstanding Clause to arrive at its

holding.  Rather, as explained above, the **Wagner** Court held that indirect criminal contempt sanctions under the PFA arise from the trial court's inherent authority to enforce its orders and not from the Crimes Code.  The **Wagner** Court noted other distinctions between PFA and criminal procedure, such as the lack of a preliminary hearing and jury trial.  **Bell**, in contrast, involved drug trafficking offenses under the Crimes Code, for which the defendants underwent criminal trials and enjoyed all applicable constitutional rights.  The distinctions between the PFA and the Crimes Code render **Bell** inapposite.  Further, **Wagner** held that the PFA would include an express reference to § 9756 if the legislature wanted it to apply to PFA contempt sanctions.  Subsequent amendments to the PFA have not referenced § 9756.  For these reasons, we conclude that the omission of the Notwithstanding Clause from § 6114(b)(1) does not undermine or implicitly overrule **Wagner**.  **Wagner** remains good law, its analysis of the applicability of § 9756 to PFA contempt sanctions remains binding on this panel, and it controls the outcome here.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/07/2021

- 6 -