J-S01021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARY WEBER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLE WEBER | : | |
| | : | |
| Appellant | : | No. 727 WDA 2022 |

Appeal from the Judgment of Sentence Entered June 2, 2022,
in the Court of Common Pleas of Crawford County,
Civil Division at No(s): AD 2022-187.S01

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: FEBRUARY 1, 2023**

Kyle Weber appeals from the judgment of sentence entered following his *nolo contendere* plea to Indirect Criminal Contempt (ICC)[1] in this Protection From Abuse (PFA) matter.  We affirm.

The plaintiff in this case filed a PFA petition against Weber on April 21, 2022.  The trial court granted a temporary PFA order with a hearing scheduled for April 28, 2022.  On April 28, 2022, Weber entered into an agreed final PFA order without admission.[2]  The order provided, in relevant part, that Weber "shall not abuse, harass, stalk, threaten, or attempt or threaten to use

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 23 Pa.C.S.A. § 6114(a).

[2] Upon entry of the final order, the plaintiff withdrew an ICC complaint that she had filed on April 26, 2022.

physical force against" the plaintiff and that he "shall not contact Plaintiff . . . by telephone or by any other means, including through third persons."  Final Order, 4/28/22, at 1.

On May 9, 2022, the plaintiff filed an ICC complaint, accusing Weber of the following actions from April 28, 2022 to the time of the complaint:

> Daily harassing texts/calls several times per day from several avenues including multiple phone numbers, social media and a typed and signed letter addressed to me under a different return address name.  He also continues to contact my family members and acquaintances.  He has also made threats of murder.  He lives in a home where firearms are readily available/accessible and has firearms training.

Complaint, 5/9/22, at 5.

The next day, the plaintiff filed another ICC complaint, alleging that after Weber was served with the previous complaint, he contacted her again with "8 phone calls, 2 voicemails[, and] 3 texts."  Complaint, 5/10/22, at 5.

Both ICC complaints were scheduled to be heard on May 19, 2022. However, Weber did not appear.  The trial court issued a bench warrant, and Weber was taken into custody the next day.  At a bench warrant hearing, the trial court entered an order releasing Weber, noting that Weber said he turned himself in.  Later, the trial court determined that Weber had not been truthful about turning himself in and therefore vacated its order.  Weber remained in custody until the ICC hearing, which was rescheduled to June 2, 2022.

On June 2, 2022, Weber entered *nolo contendere* pleas to both ICC complaints.  For the first ICC, the trial court sentenced Weber to six months of probation with restrictive conditions, including two months in jail and four

months of house arrest. For the second ICC, the trial court sentenced Weber to a consecutive term of six months of probation. For both, the trial court imposed the statutory minimum fine of $300.00.

On June 10, 2022, Weber filed a motion to reconsider or modify his sentence, which the trial court denied on June 14, 2022. Weber timely appealed on June 21, 2022. The trial court heard and denied Weber's motion for nominal bond pending appeal. Weber and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Weber raises one issue for review: "Is the sentence imposed upon Mr. Weber unreasonable, manifestly excessive, and an abuse of discretion?" Weber's Brief at 4. Weber's argument challenges the discretionary aspects of his sentence of probation with restrictive conditions for his first ICC conviction, not his sentence of probation for his second ICC conviction. *Id.* at 9.

> Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. *Id.* An appellant must satisfy all four requirements. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

*Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022).

Here, Weber filed a timely notice of appeal, preserved the issue by moving to reconsider and modify his sentence, and included a Rule 2119(f) statement in his brief. Further, we accept that he has presented a substantial question whether his sentence is appropriate. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (finding that a combined claim of excessiveness and failure to consider certain factors presented a substantial question).

Turning to the merits of Weber's issue, we use the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Taylor*, 277 A.3d 577, 592–93 (Pa. Super. 2022) (quoting *Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005).

Weber argues that based on his lack of a violent history with the plaintiff, the trial court should have set his minimum sentence as the time that he had already served between his arrest and the ICC hearing. Weber's Brief at 8. He stresses that the plaintiff, who showed the court a half-inch-thick stack of printed communications, did not enter any evidence as an exhibit to show that Weber had contacted her any more than alleged in the ICC complaint. *Id.*

We observe that the three exhibits in evidence are what the plaintiff alleged Weber sent prior to the final PFA order, while the temporary PFA order was in effect. N.T., 6/2/22, at 15. The half-inch-thick stack of messages is what the plaintiff alleged Weber sent after the entry of the final PFA order, which formed the basis for the ICC complaints of May 9 and 10, 2022. *Id.* at 16. Weber pled *nolo contendere* to these two ICC charges and cannot now complain about the trial court's considering the allegations in support thereof.

When it imposed Weber's sentence, the trial court stated its reasons on the record:

> Mr. Weber, PFA's are serious business. As you see every Thursday, we have hearings regarding Petitions for Protection From Abuse. What concerns me in this case is that the temporary PFA was granted on April 21 of 2022, and then just a couple weeks later you're sending text messages and phone calls and all kinds of things when you were supposed to have zero contact with Ms. Weber. PFA's are court orders. They're not something to be taken lightly, and it's clear you violated them multiple times.
>
> I understand you pled no contest, but like I told you, no contest . . . has the same legal effect as pleading guilty. You know, I feel bad that your relationship is over. And, obviously, I think you probably have drug and alcohol and mental health issues, and we are going to try to address those. And I'm going to hand out sentences that I think are fair based on the facts that I believe you violated the PFA right after it was basically entered. We just can't have that and not have you get some punishment. I'm not going to give you the max, or anything like that, but I certainly think some sanctions are appropriate.

N.T., 6/2/22, at 28–29.

The trial court noted in its Rule 1925(a) opinion that it could have imposed a flat term of 6 months of imprisonment for each ICC conviction.

Trial Court Opinion, 7/15/22, at 2 (citing **Commonwealth v. Marks**, 268 A.3d 457 (Pa. Super. 2021)); **see** 23 Pa.C.S.A. § 6114(b)(1) (providing for a sentence including up to six months of imprisonment or probation).  The court referred to its order denying bond pending appeal, where it noted Weber's multiple violations of the orders against him, including a threat of murder.  Order, 6/28/22, at 2.

Based on our review, we discern no abuse of discretion.  The trial court properly considered the plaintiff's need for protection, as well as Weber's repeated violations of the order prohibiting contact.  **See Commonwealth v. Felder**, 176 A.3d 331, 334 (Pa. Super. 2017) (describing the purpose of the PFA Act to protect abuse victims from perpetrators).  In the context of an abusive relationship, any communication can perpetrate the abuse.  **See Commonwealth v. Lambert**, 147 A.3d 1221, 1229 (Pa. Super. 2016).  Despite Weber's lack of a prior record, the trial court recognized the need to impress upon Weber the significance of the repeated violations of the PFA order.  It thus did not abuse its discretion in imposing sentence.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/1/2023

- 6 -