J-A09017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DORIAN RAYMOND DIGGS | : | |
| | : | |
| Appellant | : | No. 398 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 9, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-MD-0000208-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DORIAN RAYMOND DIGGS | : | |
| | : | |
| Appellant | : | No. 399 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 9, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-MD-0003559-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DORIAN RAYMOND DIGGS | : | |
| | : | |
| Appellant | : | No. 400 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 9, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-MD-0003562-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-A09017-25

|  | : |  |
| --- | --- | --- |
| v. | : | |
| | : | |
| | : | |
| DORIAN RAYMOND DIGGS | : | |
| | : | |
| Appellant | : | No. 401 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 9, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-MD-0004106-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DORIAN R. DIGGS | : | |
| | : | |
| Appellant | : | No. 402 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 9, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-MD-0003560-2023

BEFORE: KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: JULY 10, 2025**

In these consolidated appeals, Appellant Dorian Raymond Diggs appeals from the judgment of sentence imposed after he pled guilty to five counts of indirect criminal contempt[1] (ICC) of an order entered pursuant to the Protection from Abuse (PFA) Act.[2] Appellant claims that the trial court erred and abused its discretion by imposing sentences that do not have a minimum

---

[1] 23 Pa.C.S. § 6114.

[2] 23 Pa.C.S. §§ 6101-6122.

- 2 -

term, failing to consider his individual characteristics at sentencing, and basing his sentence on a misapprehension of the record. After review, we affirm.

Appellant's convictions all stem from violations of a PFA order entered against him, which prevented him from contacting the mother of his child, Donquea Brown. *See* Indirect Criminal Contempt Complaint, 5/15/23; Indirect Criminal Contempt Complaint, 5/30/23; Indirect Criminal Contempt Complaint, 7/7/23; Indirect Criminal Contempt Complaint, 1/10/24.[3] On February 9, 2024, Appellant pled guilty to five counts of ICC and the trial court imposed an aggregate sentence of fifteen months incarceration followed by fifteen months of probation. Specifically, Appellant was sentenced to consecutive sentences of three months' incarceration and three months' probation on each count.

Appellant filed a timely post-sentence motion seeking the modification of his sentence, which the court denied on March 12, 2024. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues:

1. In each of [Appellant's] five cases for [ICC], whether his incarceration sentence is illegal because the trial court imposed a flat sentence of incarceration, rather than [] a term of

---

[3] Appellant stipulated to all of the facts as set forth in the complaints. *See* N.T. Guilty Plea & Sentencing Hr'g, 2/9/24, at 6. We note that the certified record on appeal for the case at Docket No. 4106-2023 was missing the indirect criminal contempt complaint. However, the record makes clear that the violation stemmed from an incident that occurred on or about August 5, 2023. *See* Trial Ct. Order, 2/9/24.

incarceration that included both a minimum and a maximum sentence, in violation of 42 Pa.C.S.[] § 9756?

2. Alternatively, even if the incarceration sentence in each of [Appellant's] five cases is not illegal, whether the trial court nevertheless abused its discretion in failing to set a minimum sentence, thereby making [Appellant] ineligible to seek early release on parole?

Appellant's Brief at 14 (some formatting altered).

**Legality of Sentence**

In Appellant's first issue on appeal, he argues that he received an illegal sentence when the trial court imposed flat sentences of three months' incarceration on each count of ICC without providing a minimum and maximum term in accordance with 42 Pa.C.S. § 9756(b)(1). *Id.* at 33-34. Appellant concedes that this Court has already held that flat sentences for ICC convictions are not illegal. *Id.* at 26-31 (citing *Wagner v. Wagner*, 564 A.2d 162, 164 (Pa. Super. 1989) (explaining that "[w]hile a PFA proceeding is criminal in nature, it does not receive all of the protections that regular criminal proceedings receive" and that the Sentencing Code's prohibition against flat sentences does not apply to sentences imposed for indirect criminal contempt in violating a PFA order); *Commonwealth v. Marks*, 268 A.3d 457 (Pa. Super. 2021) (same)).

However, Appellant argues that his case is distinguishable based on this Court's decision in *Commonwealth v. Bartic*, 303 A.3d 124 (Pa. Super. 2023), which reiterated our prior holdings in *Wagner* and *Marks*, but noted that "[i]t is conceivable, that if a trial court were to impose a term of

incarceration exceeding six months for a conviction of [ICC] that the defendant would be entitled to a jury trial." **Bartic**, 303 A.3d at 133 n.13. Appellant argues that "[i]f incarceration exceeding six months triggers the right to a full-blown jury trial in an ICC case, it surely triggers the imposition of both a minimum and a maximum sentence in accordance with Section 9756(b[)](1), fundamental fairness, and due process of law." Appellant's Brief at 33-34. Appellant concludes that because his aggregate sentence exceeds six months, "the trial court was required to set both a minimum and a maximum sentence" and, because it did not, his sentence is illegal. **Id.** at 34.

An illegal sentencing claim "presents a question of law for which our standard of review is *de novo* and our scope of review is plenary." **Marks**, 268 A.3d at 459 (citation omitted).

As noted previously, Appellant relies on this Court's decision in **Bartic** for the proposition that his flat sentences for ICC were illegal. In **Bartic**, this Court addressed a discretionary sentencing issue. **See Bartic**, 303 A.3d at 130. In addressing the issue, we first had to determine whether 42 Pa.C.S. § 9781(b), which allows defendants to challenge the discretionary aspects of their sentences, applied to 23 Pa.C.S. § 6114. **Id.** In concluding that Section 9781(b) applied to Section 6114, we reiterated the underlying rationale of the **Wagner** and **Marks** decisions that ICC proceedings "do not require the full panoply of rights afforded to a criminal defendant" and, therefore, "[t]he accused . . . does not enjoy the right to a preliminary hearing, the right to a jury trial, or the requirement that the term of incarceration include both a

- 5 -

minimum and a maximum sentence." *Id.* at 132-33 (citations and footnote omitted).

Here, Appellant has failed to show a link between the right to a jury trial and a defendant's entitlement to a minimum and maximum sentence. The *Bartic* footnote specifically opined that a defendant could conceivably be entitled to a jury trial but was completely silent as to a defendant's entitlement to minimum and maximum sentences. *See Bartic*, 303 A.3d at 133 n.13. Appellant fails to cite, and this Court is unaware of, any case holding that the right to a jury trial and the entitlement to minimum and maximum sentences are coterminous. Further, these rights are derived from completely different sources. The right to a jury trial springs forth from the United States and Pennsylvania Constitutions. *See* U.S. Const. amend. VI; Pa. Const. art. 1, § 9. The right to minimum and maximum sentences is statutorily derived and there is already a line of cases holding that the statute does not apply to ICC convictions. *See* 42 Pa.C.S. § 9756; *see also Wagner*, 564 A.2d at 164; *Marks*, 268 A.3d at 460-61.

Further, even if the right to a jury trial was coterminous with the right to receiving a minimum and maximum sentence, Appellant still would not be entitled to either right. The footnote in *Bartic* cited *Commonwealth v. McMullen*, 961 A.2d 842 (Pa. 2008) for the proposition that "[t]he right to a jury trial under the Sixth Amendment to the United States Constitution and Article I, §§ 6, 9 of the Pennsylvania Constitution applies when a criminal defendant faces a sentence of imprisonment exceeding six months." *Bartic*,

303 A.3d at 133 n.13 (quoting **McMullen**, 961 A.2d at 847).  However, the very next sentence in **McMullen** clarifies when the right to a jury trial attaches by stating that "[c]harging a defendant with two counts of a petty offense, where each count has a maximum term of imprisonment of six months or less, and therefore carries an aggregate potential prison term greater than six months, does not transform the multiple petty offenses into one serious offense where the jury trial right would apply."  **McMullen**, 961 A.2d at 847 (citation omitted).  It is well established that "where a defendant is tried for multiple offenses which do not individually allow for imprisonment exceeding six months, there is no jury trial right . . . even if multiple convictions could yield an aggregate incarceration above six months."  **Commonwealth v. Harriott**, 919 A.2d 234, 237 (Pa. Super. 2007) (citation omitted).

Here, Appellant was convicted of five counts of ICC.  While defendant's aggregate sentence was greater than six months, each individual count of ICC had a statutory maximum sentence of six months imprisonment.  **See** 23 Pa.C.S. § 6114(b)(1) (authorizing a sentence of imprisonment of "up to six months").  Therefore, even if Appellant was correct that his right to receive a minimum and maximum sentence attached under the same circumstances as his right to a jury trial, he would still not be entitled to that right as each count of ICC has a maximum penalty of six months and the aggregate sentence imposed is irrelevant.  **See McMullen**, 961 A.2d 847; **Harriott**, 919 A.2d at 237.

For the reasons stated above, we decline to distinguish the present case from **Marks** and **Wagner** and hold that Appellant was not entitled to receive a minimum or maximum sentence for ICC simply because his aggregate sentence was greater than six months.  No relief is due.

### Discretionary Aspects of Sentence

Appellant's next issue relates to the discretionary aspects of his sentence.  **See** Appellant's Brief at 43.  Specifically, Appellant argues that "by not setting forth a minimum sentence in any of his cases, the trial court failed to follow Sections 9721(b) and 9725 of the Sentencing Code" and therefore abused its discretion.  **Id.**  Appellant claims that the trial court "placed great weight on its finding that [Appellant's] matter involves eight cases[,]" which is "simply inaccurate" and asserts that the trial court's sentencing decision was based upon "a critical misunderstanding of the record[.]"  **Id.** at 46.  Additionally, Appellant argues that "the trial court simply refused to consider, in any meaningful way, any evidence informing [the court] of [Appellant's] character, personal history, treatment and rehabilitation needs, and condition as a person."  **Id.** at 47.

Initially, we note that "challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right."  **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted and formatting altered).

Before we evaluate the merits of Appellant's claim, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted and some formatting altered).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Here, Appellant filed a timely notice of appeal and a post-sentence motion. However, in Appellant's post-sentence motion, he did not claim that his sentence was clearly unreasonable or manifestly excessive. ***See*** Post-Sentence Mot., 2/21/24. Instead, Appellant simply requested that the trial court place him on probation for a period of three years, with fifteen months of that time to be served on electronic home monitoring, or, in the alternative, that the trial court resentence Appellant to seven and a half to fifteen months' incarceration based upon his claim that his sentence was illegal. ***Id.*** at ¶ 10. His motion is devoid of any mention of the trial court's alleged abuse of discretion for basing its sentence on a misapprehension of the record or for

failing to consider his individual characteristics. *See id.* at ¶¶ 1-10. Additionally, Appellant failed to raise these claims during the sentencing hearing. *See* N.T. Guilty Plea & Sentencing Hr'g, 2/9/24, at 14-28. Therefore, because Appellant failed to raise this issue before the sentencing court, this claim is waived on appeal. *See Malovich*, 903 A.2d at 1251; *see also* Pa.R.A.P. 302(a). For these reasons, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/10/2025